1

2

3

4

5

6

7        UNITED STATES DISTRICT COURT

8        CENTRAL DISTRICT OF CALIFORNIA

9              WESTERN DIVISION

10

11 | GARY ADRIAN, et al.,              ) No. ED CV 13-00897-VBK
                                      )
12 |              Plaintiffs,         ) MEMORANDUM OPINION
                                      ) AND ORDER
13 |     v.                           )
                                      ) (Social Security Case)
14 | CAROLYN W. COLVIN, Acting        )
   | Commissioner of Social          )
15 | Security,                        )
                                      )
16 |              Defendant.          )
   | _____    )

17

18        This matter is before the Court for review of the decision by the

19 Commissioner of Social Security denying Plaintiff's application for

20 disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have

21 consented that the case may be handled by the Magistrate Judge. The

22 action arises under 42 U.S.C. §405(g), which authorizes the Court to

23 enter judgment upon the pleadings and transcript of the Administrative

24 Record ("AR") before the Commissioner. The parties have filed the

25 Joint Stipulation ("JS"), and the Commissioner has filed the certified

26 AR.

27        Plaintiff raises the following issues:

28        1.    Whether  the Administrative Law Judge ("ALJ") properly

1    evaluated the opinions of the treating physician;

2    2.    Whether the ALJ properly evaluated the opinions of the

3          consultative psychiatrist; and

4    3.    Whether the ALJ properly evaluated the opinions of the

5          Agreed Medical Examiner.

6  (JS at 3.)

7

8    Since the Court determines that the first issue is dispositive of

9  the outcome, the Court declines to address the second and third

10  issues.

11    This Memorandum Opinion will constitute the Court's findings of

12  fact and conclusions of law. After reviewing the matter, the Court

13  concludes that for the reasons set forth, the Decision of the

14  Commissioner must be reversed and the matter remanded for calculation

15  of benefits.

16

17                                I

18        **THE ALJ FAILED TO PROPERLY EVALUATE THE OPINIONS**

19              **OF TREATING PHYSICIAN DR. STEIGER**

20    Joylynn Adrian ("Claimant" or "Ms. Adrian") originally filed her

21  application for a period of disability and disability insurance

22  benefits on May 29, 2007. (AR 350-352.) After administrative denials,

23  she requested and was granted a hearing on March 24, 2009 before an

24  ALJ, at which time Ms. Adrian testified, along with a medical expert

25  ("ME"), and vocational expert ("VE"). (AR 136-158.)  A supplemental

26  hearing was held on September 14, 2009 in which, again, testimony was

27  taken from Ms. Adrian and a VE. (AR 120-135.)  The ALJ then issued a

28  Decision denying benefits on November 5, 2009. (AR 162-173.)  Pursuant

1  to a request for review, the Appeals Council remanded the matter for

2  further administrative hearing. (AR 174-178.)   On remand, the ALJ

3  conducted a hearing on November 21, 2011, at which time testimony was

4  taken from a VE, an ME, and Gary Adrian, as the heir and

5  representative of the estate of Joy Adrian, who had passed away during

6  the request for review procedure before the Appeals Council. (AR 105-

7  119.)   The ALJ then issued an unfavorable Decision on December 13,

8  2011. (AR 26-47.)   The Appeals Council denied a request for review,

9  leaving the December 13, 2011 Decision as the Commissioner's final

10  Decision.   The Court thus reviews that Decision in this civil action.

11  See 42 U.S.C. §§ 405(g); 1383(c).

12     Dr. Ralph N. Steiger acted as Plaintiff's treating physician, and

13  also prepared a Medical Source Statement on October 10, 2007 at the

14  request of the Social Security Administration. (AR 580-582.)   Based

15  upon his treatment of Ms. Adrian, Dr. Steiger opined that she would be

16  able to lift and carry up to 10 pounds occasionally and less than 10

17  pounds frequently; that she could stand/walk less than two hours per

18  workday; that she required a cane and a walker to ambulate; that she

19  could sit for only 15 to 30 minutes in an eight-hour workday; and that

20  she needs to alternate between sitting and standing every 5 to 10

21  minutes. (AR 580-581.)   If these limitations had been incorporated by

22  the ALJ into the residual functional capacity ("RFC") determined in

23  the Decision, the parties do not dispute that Ms. Adrian would have

24  been determined to be disabled for purposes of Social Security

25  benefits.   At the hearing before the ALJ, Ms. Adrian's counsel posed

26  hypothetical restrictions to the VE which were in addition to those

27  posited by the ALJ at AR 125-126.   The additional restrictions were

28  that the individual would be unable to sit more than two hours in an

3

1  eight-hour day.  Even before the VE responded, the ALJ "stipulated"

2  that such an individual would be disabled because she would only be

3  able to work four hours a day, which is less than full-time

4  employment. (AR 127.)   Thus, the Court's decision comes down to

5  whether or not the ALJ provided legally sufficient reasons to reject

6  the restrictions on Ms. Adrian's exertional abilities as determined by

7  Dr. Steiger.  For the reasons to be set forth, the Court determines

8  that the ALJ failed to do that.

9       The Court must search the four corners of the ALJ's Decision to

10 locate articulated "specific and legitimate" reasons for rejecting Dr.

11 Steiger's opinion.  See Lester v. Chater, 81 F.3d 821, 830-31 (9th

12 Cir. 1995).  The Court must also presume that the ALJ approached the

13 evaluation of Dr. Steiger's opinion in a neutral, unbiased fashion.

14 Unfortunately, that was not the case.  In his Decision, the ALJ

15 articulated an extreme bias against "medical records ... prepared in

16 the context of adversarial workers' compensation claim[s]." (AR 37.)

17 He added the following:

18      "The physicians retained by either party in the context of

19      workers' compensation cases are often biased and do not

20      provide truly objective opinions.  The claimant's treating

21      physician in the context of a workers' compensation claim

22      are often biased and do not provide truly objective

23      opinions. The claimant's treating physician in the context

24      of a workers' compensation claim often serves as an advocate

25      for the claimant and describes excessive limitations to

26      enhance the claimant's financial recovery."

27 (AR 37-38.)

28

4

1   None of this bias is found in statute, Social Security

2   regulations, or Ninth Circuit decisions.  In fact, the opposite is

3   true. As noted by Judge Wistrich in his opinion in <u>Booth v. Barnhart</u>,

4   181 F.Supp.2d 1099 (C.D. Cal. 2002):

5        "Workers' compensation disability ratings are not

6        controlling in disability cases decided under the Social

7        Security Act, and the terms of art used in the California

8        workers' compensation guidelines are not equivalent to

9        Social Security disability terminology.  <u>See</u> <u>Macri v.</u>

10       <u>Chater</u>, 93 F.3d 540, 544 (9th Cir. 1996); <u>Desrosiers v.</u>

11       <u>Secretary of Health and Human Services</u>, 846 F.2d 573, 576

12       (9th Cir. 1988); <u>see</u> <u>also</u> <u>Coria v. Heckler</u>, 750 F.2d 245, 247

13       (3rd Cir. 1984)('The ALJ correctly noted that there are

14       different statutory tests for disability under workers'

15       compensation statutes and under the Social Security Act.');

16       20 C.F.R. §§404.1504, 416.904."

17  (<u>Id</u>. at 1104.)

18

19   The ALJ must evaluate the opinions of physicians who examine and

20  treat individuals in the workers' compensation scheme. Their opinions

21  cannot be ignored; the ALJ must draw logical inferences.  <u>See</u> <u>Macri</u>,

22  <u>supra</u>, 93 F.3d at 544.

23   In this case, however, the distinction between Social Security

24  terms and workers' compensation terms is not a factor.  That is

25  because, at the request of the Social Security Administration, Dr.

26  Steiger completed a "Medical Source Statement - Physical" which, as

27  the Court has noted, contained Dr. Steiger's evaluation of Ms.

28  Adrian's ability to lift, sit, stand and/or walk, ambulate with the

1  necessity of an assistive device, and alternate standing and sitting.

2  The ALJ did not clearly or definitively reject Dr. Steiger's

3  conclusions.   Rather, he commented upon a permanent and stationary

4  report that  Dr. Steiger wrote several months after he completed the

5  Medical Source Statement. (AR 619-634.)  Referencing only this report,

6  the ALJ wrote that in the workers' compensation context, "permanent

7  and stationary" is not equivalent to the criteria used to determine

8  disability under the Social Security Act. (See AR at 42-43.)

9  Nevertheless, the ALJ indicated that he "has accounted for Dr.

10  Steiger's opinion and has provided a residual functional capacity that

11  allows the claimant to stand or walk for two hours out of an eight-

12  hour workday, ..." (AR 43.)

13      Dr. Steiger had opined in his Medical Source Statement that Ms.

14  Adrian could stand or walk less than two hours in an eight-hour

15  workday.   Thus, while the ALJ stated that he "accounted for" Dr.

16  Steiger's opinion, he in fact implicitly rejected it without providing

17  any reason whatsoever.   Moreover, this limitation is crucial to the

18  disability determination, in that there is no dispute that if Ms.

19  Adrian was incapable of standing or walking for two hours out of an

20  eight-hour workday, she would be disabled.  Moreover, the ALJ provided

21  no analysis or inclusion in the determined RFC of Dr. Steiger's

22  opinion that Ms. Adrian needed a cane or a walker to ambulate, and

23  could sit for only 15 to 30 minutes in an eight-hour workday.

24      Whether or not the ALJ chose to rely, instead, on the opinion of

25  the non-examining, testifying ME, the issue here is whether specific

26  and legitimate reasons were articulated in the ALJ's Decision for

27  rejecting Dr. Steiger's opinions.  They clearly were not.  Moreover,

28  there is no contradiction between the Medical Source Statement and the

6

1   permanent and stationary report, with regard to exertional

2   limitations.   The latter report was prepared in the context of the

3   workers' compensation case, and thus only addressed whether Ms.

4   Adrian, as a workers' compensation claimant, could perform her

5   existing work.   In contrast, the Medical Source Statement prepared by

6   Dr. Steiger went far beyond that, utilizing Social Security concepts

7   and terminology.

8       Thus, the Court concludes that the ALJ failed to properly

9   evaluate Dr. Steiger's opinions, and in fact, gave no reason

10  whatsoever to reject them.   As noted, if Dr. Steiger's limitations had

11  been accepted, Plaintiff would have been determined to be disabled.

12  Thus, the question becomes what remedy is appropriate.   The Court

13  determines that here, the "Smolen" test is applicable.   See Smolen v.

14  Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).   Based on the fact that

15  the ALJ failed to provide legally sufficient reasons to reject Dr.

16  Steiger's opinion, that there are no outstanding issues to be

17  resolved, and that had Dr. Steiger's opinions been credited, Ms.

18  Adrian would have been found disabled, the Court determines that the

19  remedy here must be a remand for calculation and award of benefits.

20  The Court is mindful that approximately seven years have passed since

21  Ms. Adrian's disability application was filed, and two evidentiary

22  hearings were conducted.   As Ms. Adrian is deceased, the record cannot

23  be expanded.

24      Because the first issue is dispositive as to the question of

25  disability, the Court determines that it need not address Plaintiff's

26  second and third issues.

27  //

28  //

1    Consequently, the Decision of the Commissioner is reversed, and

2  the matter is remanded for calculation and award of benefits.

3    **IT IS SO ORDERED**.

4

5  DATED: February 5, 2014                    /s/
                                      VICTOR B. KENTON
6                                     UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28